Plaintiffs seek to recover federal income tax and deficiency interest paid for taxable year 1966, assessed by reason of the disallowance by the Internal Revenue Service of deductions taken by Norman Gerlach as purported alimony payments to his former wife. Pursuant to an agreement incorporated in a divorce decree, Mr. Gerlach was required to pay his former wife a monthly sum until her death or remarriage, plus the sum of $125,000 in installments of $10,000 per year. The issue is whether the installment payment in question was deductible as a payment for the support of his former wife, as plaintiff asserts, or was toward the purchase price of the wife’s one-half interest in 2,700 shares of a commonly owned, closely held corporation, as defendant contends. Commissioner Harry E. Wood in a report filed January 23, 1973 concluded that the installment payment was not in discharge of the obligation of support incurred because of the marital relationship, and accordingly was not deductible by plaintiffs under sections 71 and 215 of the 1954 Internal Revenue Code. The commissioner also concluded that plaintiffs are entitled to a deduction under section 483 of the Code for the imputed interest on the $10,000 installment paid in 1966 out of the $125,000 to be paid for the wife’s interest in the stock. This case came before the court on defendant’s motion requesting that the court adopt the recom *885 mended decision of Commissioner Wood, plaintiffs having failed to file a notice of intention to except thereto and the time for so filing having expired. Upon consideration thereof and without oral argument, since the court agrees with the commissioner’s decision, it granted defendant’s motion and adopted the decision as the basis for its judgment in this case. On April 27,1973 the court ordered that plaintiffs are entitled to recover to the extent set forth in the commissioner’s decision and entered judgment for plaintiffs accordingly, with the amount thereof to he determined under Eule 131(c) (2). In accordance with the order of the court, a memorandum report of the trial judge and a stipulation as to the amount due, it was ordered on August 17, 1973 that judgment for plaintiffs be entered for $1,457.33 plus interest as provided by law.